RECEIVED
IN ALEXANDRIA, LA

NOV 12 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

LOUIS EDWARD WILLIAMS (#393545)        DOCKET NO. 09-CV-777; SEC. P

VERSUS                                 JUDGE JAMES T. TRIMBLE, JR.

LOUISIANA DEPT. OF CORRECTIONS         MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. § 1983) of Plaintiff Louis Edward Williams (DOC# 393545), *pro se* and *in forma pauperis*, filed on May 11, 2009. Williams is incarcerated at the J.L. Dabadie Correctional Center (JLDCC) in Pineville, Louisiana. Plaintiff named as the sole defendant the Louisiana Department of Public Safety and Corrections (DOC). He seeks a recalculation of his release date and an immediate release from JLDCC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### Statement of the Case

Plaintiff is serving a fifteen year sentence for manslaughter pursuant to a plea agreement. Plaintiff was released by the parole board on December 1, 2000 after serving five years of his sentence. Plaintiff states that he violated parole by absconding, and he was returned to jail to serve out the remainder of his sentence. Plaintiff believes that the remainder of his sentence was

miscalculated following his parole violation.

Plaintiff filed suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on December 11, 2007, and he alleges that the case is still pending. [Doc. #1, p.1]

### Law and Analysis

In this suit, filed pursuant to the Civil Rights Act, 42 U.S.C. §1983, Plaintiff challenges the computation of his sentence and seeks an immediate release from prison.  Such relief is not available by way of a civil rights action.  See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997).  A civil rights action under §1983 is appropriate for recovering damages resulting from illegal administrative procedures; a **habeas corpus action** is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement.  See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994). Thus, to challenge the calculation of his release date, Plaintiff would have to file a Petition for Writ of Habeas Corpus.

However, with regard to habeas corpus, a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas corpus relief.  See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987), cert. denied, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982). Generally, the habeas exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented

2

to the state's highest court in a procedurally proper manner. See Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). That is, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. See Picard v. Connor, 404 U.S. 270, 275 (1971). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. See Thomas v. Collins, 919 F.2d 333, 334 (5th Cir. 1990); Bautista v. McCotter, 793 F.2d 109, 110 (5th Cir. 1986).

In Louisiana, a challenge to the computation of a sentence must first be brought through the Department's administrative grievance process. La. R.S. 15:1176. When administrative remedies have been exhausted, an inmate can seek judicial review in the Nineteenth Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15. If unsuccessful at the district court level, the inmate can appeal the decision of the Nineteenth Judicial District Court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and R.S.13:312(1). Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

Plaintiff alleges that he properly exhausted his administrative remedies and relief was denied. Plaintiff has filed

suit in the 19th JDC, but says that his suit is still pending. Therefore, while a habeas petition is the proper vehicle for challenging the fact or duration of incarceration, Plaintiff should ensure that the complete judicial review is accomplished before filing his habeas corpus petition in federal court.

### Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED** as frivolous.

**Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

4

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE